*J. R. Morton, for appellant.*

*Porter, Wallace, for appellee.*

---

JOHN W. SMITH *v.* JAMES M. HARRISON.

**Vendor and Purchaser—Parol Agreement as to Lien.**

A vendee being present when the deed is written and accepts it after acknowledgment, a parol agreement to waive the lien for the purchase money must be regarded as having been changed.

**Vendor and Purchaser—Lien Reserved in Deed—Constructive Notice.**

    If a party purchases land with constructive notice of a vendor's lien, the law furnishes no means of escape from the burden.

### APPEAL FROM LOGAN CIRCUIT COURT.

May 11, 1871.

OPINION BY JUDGE PETERS:

When the deed to Smith was written he was present, and after it was acknowledged he accepted it, and must have known its contents, if he did not it was certainly his own fault, and if there had been a parol agreement between Smith & Hammon that the lien for the unpaid purchase price should be waived, that agreement must be regardede as having been changed, and the one expressed in the deed substituted in its place.

But if that were not so the parol evidence is wholly insufficient to establish the alleged mistake, and to reform the deed.

Powell purchased with constructive notice at least of the vendor's lien on the land, and the law furnishes no means of escape from the burden.

Wherefore the judgment must be *affirmed*.

*A. C. Rhea, W. W. Bush, for appellant.*

*Bowden, for appellee.*